**In the Matter of PLUMB FLOORS, INC., Debtor.**

**PLUMB FLOORS, INC., Plaintiff,**

**v.**

**SALO SERVICE CORP., Defendant.**

Bankruptcy No. 82–69.
Adv. No. 82–453.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Dec. 20, 1982.

Jawdet I. Rubaii, Clearwater, Fla., for plaintiff.

Jean Giles Wittner, President of St. Petersburg Federal S & L Assoc., St. Petersburg, Fla., J. Paul Raymond, Clearwater, Fla., for defendants.

## ORDER ON MOTION FOR RELIEF FROM AUTOMATIC STAY

ALEXANDER L. PASKAY, Chief Judge.

THE MATTER under consideration is a Motion for Relief from an order heretofore entered by this Court in the above-captioned adversary proceeding. The order dismissed the complaint of the Plaintiff, Plumb Floors, Inc., a Debtor currently involved in a Chapter 11 case on the ground that under the teaching of *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* —— U.S. ——, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1981), this Court lacks jurisdiction over the claims set forth in the complaint which is a classic state, common law action.

The Motion filed by the Debtor seeks relief pursuant to Rule 860 of the Bankruptcy Rules and Procedure (sic). The Motion is based on the proposition that by virtue of the stay granted by the Supreme Court in *Marathon,* this Court still has jurisdiction and could try this case prior to December 24, 1982, the new deadline imposed by the Supreme Court. Therefore, in the interest of justice, this case should be tried and the order of dismissal should be vacated.

Relying on the language in Footnote 40 of the plurality opinion, the Defendant contends that this Court lacks jurisdiction to try this case regardless of what action Congress takes and even if Congress constructs a constitutional Article III court, this Court would not have jurisdiction to try the claims set forth in the complaint. A close reading of this footnote clearly indicates, however, that the footnote relates to the Bankruptcy Court as it is now constituted and does not indicate directly or indirectly that the Congress is powerless to vest jurisdiction over this type of claim in an Article III court.

The Court having heard argument of counsel for the respective parties and having considered the record, finds that the Plaintiff's reference to Bankruptcy Rule 860 is misplaced simply because there is no such Rule. The Plaintiff intended to rely on Bankruptcy Rule 924 which adopts F.R. C.P. 60 and which permits a party under certain specific conditions to obtain relief from a judgment within one year from the date of entry of the judgment.

While this Court is in agreement with several courts that during the period of the stay granted by the Supreme Court, this Court is authorized to exercise the jurisdiction governed by § 241(a) of the Bankruptcy Reform Act, this Court should not exercise this jurisdiction due to the difficulty to try this case prior to December 24, 1982 because of currently congested calendar.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Relief From Automatic Stay Pursuant to Bankruptcy Rule 860 be, and the same hereby is, denied.